IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIKELL P. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-04-1701-HE |
| | ) |
| RON WARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Plaintiff filed a complaint, and Defendants Ward, Mullin and Boone moved for dismissal or, in the alternative, summary judgment. Subsequently the Plaintiff moved for an extension of time to respond and for leave to amend the complaint.

Federal Rule of Civil Procedure 15(a) states in relevant part: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."

The threshold issue is whether the Defendants' motion for dismissal or summary judgment constitutes a "responsive pleading" under Rule 15(a). The Tenth Circuit Court of Appeals answered this question in the negative. *See Brever v. Rockwell International Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994). Thus, Mr. Smith had one automatic right to amend. *See id.* Because the present motion would be Mr. Smith's first amendment, the Court lacks discretion in the matter. *See id.* Mr. Smith is entitled to amend the complaint, as he requests.

The Plaintiff did not state how much time he wants to file the amended complaint. Accordingly, the Court directs that Mr. Smith file the amended complaint by June 23, 2005.

Under this order, the original complaint would become a nullity. As a result, the amended complaint shall be self-sufficient. With the amendment of the complaint, the existing motion for dismissal or summary judgment will be rendered moot. For that reason, the Court dismisses the Plaintiff's request for an extension on grounds that it too would become moot upon the filing of the amended complaint.

So ordered this 3rd day of June, 2005.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge